IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROYCE SPANN,

Defendant.                                              No.
                                                        13-CR-30131-DRH-1


MEMORANDUM and ORDER

HERNDON, District Judge:

Pending before the Court is defendant's *pro se* motion for an order of judicial recommendation (Doc. 65). On December 16, 2013, the defendant was sentenced by the United States District Court for the Southern District of Illinois to 97 months incarceration (Doc. 35). Presently, the defendant is an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"). Defendant asks the Court to enter an order that would allow the Warden at FCI Memphis to place the defendant in half-way housing during his final year of confinement and/or home confinement. (Doc. 65). Based on the following, the Court dismisses for want of jurisdiction his motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle*

*v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on new evidence must be brought within 3 years after the verdict or finding of guilty and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict or finding of guilty. Lastly, a collateral attack under 28 U.S.C. § 2255, which has a 1 year statute of limitations.

Here, defendant does not cite any case law or statute that would allow the Court to consider his motion. Moreover, the post-judgment motions described above are inapplicable.

The Court notes that the Bureau of Prisons ("BOP") (not this Court) is vested with discretion as to the appropriate placement of prisoners in its charge, including placement in pre-release programs such as half-way housing. *See* 18 U.S.C. §§ 3621, 3624(c). Thus, defendant's requests should be directed to the BOP and the administrative processes the BOP has in place. Further, to the extent that defendant seeks to challenge any subsequent decision from the BOP as to his pre-release placement, such a challenge *might* be appropriately filed as a Section 2241 Petition. However, any Section 2241 petition must be filed in the district where the defendant is confined and not in this district. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).

Accordingly, the Court **DISMISSES for want of jurisdiction** defendant's

motion in this criminal case (Doc. 65). The Court **DIRECTS** the Clerk of the Court

to send defendant a copy of this Order.

      **IT IS SO ORDERED.**

Signed this 4th day of May, 2015.

Digitally signed by
David R. Herndon
Date: 2015.05.04
14:35:24 -05'00'

**United States District Court**